Joseph John **RUSSELL**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19817.

United States Court of Appeals Fifth Circuit.

Nov. 14, 1963.

Rehearing Denied Dec. 12, 1963.

Joseph John Russell, pro se.

Louis R. Lucas, Asst. U. S. Atty., New Orleans, La., Louis C. La Cour, U. S. Atty., for appellee.

Before HUTCHESON and GEWIN, Circuit Judges, and HOOPER, District Judge.

PER CURIAM.

Appellant appearing *pro se* by brief contends that the trial court on June 27, 1962 having vacated (pursuant to a mandate from this court) a certain sentence imposed by him on July 6, 1960 "then imposed a new and augmented sentence of five years thereon." We cannot agree that the trial judge almost two years after the imposition of the original sentence, vacated the same and imposed "a new and augmented sentence" thereon, as will appear from the following summary taken from a rather confused record.

On July 6, 1960 appellant in Case No. 27773 was given a sentence of five years on Count One, that sentence not being under attack. Under Count Two of the same indictment, however, he was given a sentence of five years to follow the foregoing, and the latter sentence was vacated by the trial court on February 6, 1962 pursuant to mandate from this court on the authority of decision in the case of Castle v. United States, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75, holding that a single transportation of stolen securities in interstate commerce constitutes but a single offense.

Subsequently, on June 27, 1962 appellant was sentenced in Cases No. 27766, 27767 and 27771 to a term of five years on all counts, to run concurrently, the sentence reciting that the said five years sentence should be consecutive to the five years sentence imposed under Count One in Case No. 27773.

From the foregoing it appears that while the five years sentence given under Count Two in Case No. 27773 was in fact vacated on February 6, 1962 and that on June 27, 1962 a new sentence of five years was imposed which followed the five years sentence under Count One in said case, appellant's conclusion that the last-named sentence was "a new and augmented sentence of five years" in Case No. 27773 is palpably erroneous; on the other hand, the five years sentence in Case No. 27771 was based upon a new and independent offense and it bore no relationship to the original sentence of five years imposed July 6, 1960, excepting that it was made to run to follow the latter.

The trial judge carefully made provision that appellant would be entitled to have his good time based upon the first five years sentence imposed in Case No. 27773 and the following five years based on Case No. 27771 (and the two other cases concurrent therewith).

The judgment of the trial court was right, and it is

Affirmed.